UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| FREDDIE DEMARKA REED III ) | |
|     Plaintiff ) | |
| ) | |
|     v. ) | CAUSE NO. 3:21-cv-00120-JMS-MPB |
| ) | |
| THE CITY OF EVANSVILLE, et al ) | |
|     Defendants ) | |

**CITY DEFENDANTS' BRIEF IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff has alleged § 1983 claims against multiple law enforcement officers from various agencies, as well as two separate governmental entities. The claims stem from events surrounding Plaintiffs arrest on January 19, 2021, for multiple felonies, including resisting law enforcement, criminal recklessness, confinement, dealing in methamphetamine, possession of methamphetamine and leaving the scene of an accident.[1] After this Court's screening of the Complaint, the following claims against the City Defendants[2] remained: excessive force against *unnamed* officers; violation of Article 1 Section 15 of the Indiana Constitution as to *unnamed*

---

[1] *See, State of Indiana v. Freddie Demarka Reed, III, Vanderburgh Superior Court 3, Cause No. 82-D03-2101-F6-000375*. A jury trial was held in May 2022, and Reed (Plaintiff in the present matter) was found guilty of resisting law enforcement, criminal recklessness, dealing in methamphetamine and possession of methamphetamine. Reed pled guilty to Habitual Offender. The Court may take judicial notice of the events that occurred in that criminal case *Martin v. Dugan,* 2021 U.S. Dist. LEXIS 7429, *3-4 (S.D. Ind. 2021) (quoting *Daniel v. Cook Cty*, 833 F.3d 728, 742 (7th Cir. 2016)) (courts may take judicial notice of public records and the contents of filings in other courts "if the fact is not subject to reasonable dispute").

[2] As used herein, "City Defendants" refers collectively to the Unidentified Evansville Police Officers ("City John Does") and the City of Evansville ("City").

1

officers; failure to intervene as to *unnamed* Evansville Police Department ("EPD"); and a *Monell* claim against the City of Evansville ("City") based on negligent training and supervision with regards to lawful arrest procedures. [ECF No. 7 at 7].

Plaintiff's three claims against the City John Does fail as a matter of law. Despite the City's production of documents through discovery, the appointment of counsel to assist Plaintiff for the purpose of discovering the identity of the unnamed officers and amending the Complaint [ECF Nos. 27 & 35], and the passage of over 14 months, Plaintiff has failed to name a single individual member of the EPD, and now he's time barred from doing so.

Such failure also dooms Plaintiff's *Monell* claim. Even if Plaintiff had identified a City actor, the undisputed material facts show that the City had adequate supervision and training as to lawful arrest procedures. Plaintiff has failed to develop any evidence to support his theory that a (purported) lack of training and/or supervision was the moving force behind his alleged injuries.

To these ends, below the City Defendants set forth the undisputed material facts and further explain why they are entitled to summary judgment as a matter of law.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE[3]

### I. Relevant Procedural History

On July 28, 2021, Plaintiff filed his pro se Complaint for Violation of Civil Rights, and the Court entered its Entry Granting IFP and Screening Complaint on October 28, 2021. [ECF Nos. 1 and 7, respectively].

---

[3] City Defendants accept the following facts as true only for purposes of summary judgment. City Defendants reserve the right to contest any of these facts at trial.

In an effort to assist Plaintiff, the Court entered an order on December 16, 2021, appointing Plaintiff counsel for the limited purpose of "identifying the unnamed officer defendants and with drafting an Amended Complaint." [ECF Nos. 27 at 2, 35 at 1].

On March 21, 2022, following the appearance of Plaintiff's appointed counsel, the Court entered a Case Management Plan Order requiring all motions for leave to amend the pleadings and/or to join additional parties to be filed prior to August 5, 2022. [ECF No. 42 at 5].

Subsequently, discovery was requested and provided by all parties, including City Defendants. [ECF No. 69 at ¶¶ 3-4]. On May 20, 2022, the City Defendants filed their Preliminary Witness and Exhibit list, which listed 17 different EPD officers or detectives. [ECF No. 51 at 1-2]. At Plaintiff's request, the deadline to file a motion for leave to amend was extended *four* times with a final deadline of November 21, 2022. [ECF Nos. 59, 63, 70, 84].

On September 23, 2022, Plaintiff's counsel filed their Motion to Withdraw stating, *inter alia,* that "recruited counsel does not believe that *any* of Mr. Reed's potential claims are 'warranted under existing law and *cannot* be supported by good faith argument for extension, modification, or reversal of existing law.'" [ECF No. 69 at ¶ 1 (emphasis added)].

Plaintiff has never sought leave to amend his complaint.

## II. Plaintiff's Arrest and Claims in this Lawsuit

On January 19, 2021, Plaintiff was arrested for resisting law enforcement, criminal recklessness, confinement, and leaving the scene of an accident. [ECF No. 1 at 6]. Force was used to arrest Plaintiff; he suffered injuries. [ECF No. 1]. The only law enforcement personnel that witnessed or participated in Plaintiff's arrest was Vanderburgh County Sheriff's Deputy Bryan Bishop, U.S. Deputy Marshal Wesner, Indiana State Trooper Bean, and EPD Detective Jeff Taylor. [ECF 89 at 13, ¶4].

At the time of Plaintiff's arrest, EPD had Operational Guidelines addressing proper arrest procedures and uses of force. [ECF No. 109-1 at ¶ 6]. All EPD Officers are made aware of all Operational Guidelines, and the Officers are expected to know and adhere to them. [ECF No. 109-1 at ¶ 5]. Further, all new EPD Officers joining the Department at the time of Plaintiff's arrest were required to have graduated from either the Indiana Law Enforcement Academy ("ILEA") or the Southwest Indiana Law Enforcement Academy ("SWILEA"). [ECF No. 109-1 at ¶ 7]. As part of the ILEA and SWILEA curriculums, recruits were provided instruction on proper arrest procedures. [ECF No. 109-1 at ¶ 7]. After joining EPD, now and at the time of Plaintiff's arrest, Officers receive(d) ongoing training on departmental practices and procedures, including the utilization of proper and lawful arrest procedures. [ECF No. 109-1 at ¶ 8].

## STANDARD OF REVIEW

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if, on the presented evidence, a reasonable jury could return a verdict for the nonmoving party." *Id.*

As the "put up or shut up" moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine issue of material fact for trial. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 568 (7th Cir. 2017). "If there is no triable issue of fact on even one essential element of the nonmovant's case, summary judgment is appropriate." *Boss v. Castro,* 816 F.3d 910, 916 (7th Cir. 2016). "Although we construe 'all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may

succeed by showing an absence of evidence to support the non-moving party's claims.'" *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020) citing *Parkey v. Sample*, 623 F.3d 1163, 1165 (7th Cir. 2010). The "mere existence of a scintilla of evidence" will not serve as sufficient evidence in support of plaintiff's position. *Anderson,* 477 U.S. at 255. "[S]peculation and conjecture" also cannot defeat a motion for summary judgment. *Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013).

## ARGUMENT

### I. Plaintiff's choice not to amend his complaint to name any individual City actor requires dismissal of all claims against the City John Does.

"Under federal law, a plaintiff may name a fictitious defendant and utilize discovery to learn the defendant's proper identity. Although there is no prohibition on filing suit against unknown defendants, 'John Doe defendants must be identified and served within 120 days of the commencement of the action against them.'" *Mancini v. City of Indianapolis*, No. 16-CV-2048, 2018 WL 4680188, at *8 (S.D. Ind. Sept. 28, 2018) (quoting *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) and citing Fed.R.Civ.P. 4(m).

If after ample time to identify and amend a complaint, the plaintiff fails to do so, such failure warrants dismissal pursuant to Federal Rule of Civil Procedure 41. *Goings v. Stolworthy*, No. 16-CV-489, 2019 WL 3852708, at *10 (S.D. Ill. Aug. 16, 2019) and appeal dismissed, No. 19-2940, 2020 WL 1580514 (7th Cir. Feb. 13, 2020) ("Goings also named unknown parties in the operative Complaint. As of the date of this Order, Goings has neither identified those unknown parties [n]or filed an amended complaint naming those parties.... As such, pursuant to Federal Rule of Civil Procedure 41, they are dismissed with prejudice for failure to prosecute.")

5

In this case, Plaintiff listed the City John Does as parties who exerted excessive force and failed to intervene during his arrest. This case has been pending for nearly two years, and Plaintiff completed discovery for purposes of identifying additional defendants. Plaintiff has possessed documents, photographs and body-cam footage relating to the incident since at least September 23, 2022, yet he has not moved this Court for permission to amend his Complaint. Plaintiff even mentions a specific EPD Officer in his discovery responses, but still elected not to amend his Complaint to in order to name any individual EPD Officers. [ECF 89 at 13, ¶4]. If Plaintiff intended to assert a viable claim against any of the City John Does, he should have amended the Complaint to identify and name them as individual defendants. The time do so has come and gone. Accordingly, the City John Does should be dismissed from this lawsuit.

**II.     Plaintiff is now time-barred from joining additional defendants.**

Dismissal of all claims as to any City John Does is appropriate, because, even if Plaintiff were to amend his Complaint at this stage in order to name any individual officers, claims against said officers would be time-barred by the applicable two-year statute of limitations.

In determining the statute of limitations for § 1983 claims, courts look to the personal injury laws of the state where the injury occurred. *Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir. 1998). Indiana's two-year statute of limitation for personal injury (IC 34-11-2-4) applies to personal injury actions under § 1983. *Dobbie v. Bremen Police Department*, 341 F. Supp. 3d 896 (N.D. Ind. 2018) (to determine proper statute of limitations for § 1983 actions, federal court must adopt forum state's statute of limitations for personal injury claims); *Justice v. Justice*, 303 F. Supp. 3d 923 (S.D. Ind. 2018) (§ 1983 does not explicitly provide limitations period but it is well settled that state where alleged injury occurred provides statute of limitation). Section 1983 claims accrue when the injury is inflicted, similar to personal injury requirements. *Diaz v.*

*Shallbetter*, 984 F.2d 850, 855 (7th Cir. 1993). In this instance, the alleged injury was inflicted on January 19, 2021, thus the statute of limitations ran on January 19, 2023.

In general, amendment of a claim against an unnamed party does not relate back to the date of the complaint. Naming an unnamed party is not a placeholder for the relation back of amendments and does not toll the statute of limitations. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997), *See also Sassi v. Breir*, 584, F.2d 234, 235 (7th Cir. 1978).

It is well settled in the Seventh Circuit that Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure requires an error or mistake have been made concerning the identity of a party in order for amendment to relate back to the original complaint. *Herrera v. Cleveland,* 8 F.4th 493, 496-97 (7th Cir. 2021). "In the absence of mistake in the identification of the property party, it is irrelevant for purposes of rule 15(c)(2) [now Rule 15(c)(1)(C)] whether or not the purported substitute party knew or should have known that an action would have been brought against him." *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

A plaintiff's ignorance or misunderstanding about who is liable for his injury does not constitute a mistake under Rule 15(c). *Herrera,* 8 F.4th at 497. As is the case here, suing a John Doe is a conscious choice, not an inadvertent error or "mere slip of the pen." *Id.* at 498-99. A plaintiff sues a John Doe defendant "knowing full well the factual and legal differences between the nominal defendant and the proper defendant. Such an intentional and informed decision cannot amount to a mistake." *Id.* at 498.

*Herrera* and its lengthy discussion of the "John Doe rule" is directly on point. *See Id.* at 496-99. Plaintiff's listing of the City John Does in his Complaint was a conscious choice, not error. His decision not to amend his Complaint after the benefit of discovery and appointment of counsel represents another conscious choice. Accordingly, any amendment of Plaintiff's

Complaint at this time would not relate back, and therefore would be futile now that the statute of limitations on his claims has run. As a result, summary judgment is appropriate.

### III. Plaintiff's *Monell* claim fails as a matter of law.

For Plaintiff to prevail on his *Monell* claim, he must plead and prove not only that his rights were violated, but that one or more City actors was the "moving force" behind his constitutional injury. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691-95 (1978), *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). A municipality may only be held liable under § 1983 for failure to adequately train its officers when inadequacy in training amounts to "deliberate indifference" to the rights of individuals they come into contact with. *Id* at 388.

"Proof of deliberate indifference requires more than '[a] showing of simple or even heightened negligence.'" *Jenkins v. Bartlett,* 487 F.3d 482, 492 (7th Cir. 2007) (quoting *Bd. of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 407 (1997)). Deliberate indifference can arise in two different circumstances. *Id.* First, by proving "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights," that it is reasonable to conclude the deficiency exhibits deliberate indifference on the part of the policymakers. *Id* at 390. Second, upon a showing of a repeated pattern of constitutional violation. *Id*. n. 10.

#### A. No wrongdoing by a City Actor

"Although a municipality may be directly liable for constitutional violations by its officers when the municipality evinces a deliberate indifference to the rights of the plaintiff by failing to train adequately its officers to prevent the violation, there can be no liability under *Monell* for failure to train when there has been no violation of the plaintiff's constitutional rights

8

by a municipal employee. *Jenkins,* 487 F.3d at 492; *see Alexander v. City of South Bend*, 433 F.3d 550, 557 (7th Cir. 2006) (noting that a municipality may not be held liable under *Monell* for failure to train adequately or to supervise its police officers when the plaintiff fails to demonstrate any constitutional violation by a municipal employee.) A failure to train theory cannot survive if the underlying substantive claim against the individual officers is unsuccessful. *Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 LL.Ed.2d 806 (1986); *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 597 (7th Cir. 1997); *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994); *Gibson v. City of Chicago*, 910 F.2d 110, 1522 (7th Cir. 1990).

Plaintiff has not identified, nor developed any evidence of, an unconstitutional action taken by a City actor. As explained above, Plaintiff has elected not to amend his Complaint after being provided repeated and reasonable opportunities to do so. Plaintiff has not, and cannot, put forth any evidence to demonstrate that the actions or omissions of any City actor contributed to a violation of his constitutional rights. *See Tyburski,* 964 F.3d at 597 (The summary judgment movant may succeed by showing an absence of evidence to support the non-moving party's claims.) Accordingly, the City cannot be held liable under Plaintiff's *Monell* theory.

### B. The City was not negligent in the supervision and training of its officers as to lawful arrest procedures.

The undisputed material facts demonstrate that at the time of Plaintiff's arrest, the City had Operational Guidelines regarding arrest procedures, and that all officers were expected to be aware of said guidelines and adhere to them. Moreover, all new officers joining EPD were required to have graduated from an academy which provided instruction on lawful arrest procedures, and that academy training was supplemented on an ongoing basis. Such

requirements and protocols dispel any notion that the City was deliberately indifferent to the rights of those it comes into contact with. *See Harris,* 489 U.S. at 389.

### C. Plaintiff is unable to produce admissible evidence to support essential elements of his *Monell* claim.

Plaintiff has failed to develop any evidence that a purported failure to train or supervise was the moving force behind his alleged injuries, or that the City was aware of a repeated pattern of constitutional violations related to arrest procedures. *See Tyburski,* 964 F.3d at 597. Plaintiff's bare bones allegations that "the City of Evansville is the moving force behind" his violations and that they "failed to train its officers with regard to proper and lawful arrest procures" or provide adequate supervision, simply do not pass muster here. *See Morgan v. Harris Trust and Sav. Bank of Chicago,* 867 F.2d 1023, 1026 (7th Cir. 1989) ("[W]hen a party bears the burden of proof on an issue, that party may not simply rest on its pleadings.")

Plaintiff's *Monell* claim fails due to a complete absence of evidentiary support, and the City is therefore entitled to summary judgment in its favor.

## CONCLUSION

For the foregoing reasons, City Defendants respectfully request that the Court grant their Motion for Summary Judgment and award them all other relief that is just and proper in the premises.

Respectfully submitted,

*/s/ Matthew S. Koressel*
Keith W. Vonderahe, 21908-82
Matthew S. Koressel, 35276-49
ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP
P.O. Box 916
Evansville, IN  47706-0916
Phone: (812) 424-7575
Fax: (812) 421-5089

E-mail: kvonderahe@zsws.com
mkoressel@zsws.com

**CERTIFICATE OF SERVICE**

I certify that on March 31, 2023, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Gustavo A. Jimenez, Esq.
gustavo.jimenez@atg.in.gov

Craig R. Emig, Esq.
cemig@joneswallace.com

David L. Jones, Esq.
djones@joneswallace.com

I certify that on March 31, 2023, a copy of the foregoing pleading was mailed, by first class mail, postage prepaid and properly addressed to the following:

Freddie Demarka Reed III
DOC #972971
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN   46360

*/s/ Matthew S. Koressel*
Matthew S. Koressel