United States District Court
Southern District of Indiana
Evansville Division

FILED
05/03/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

FREDDIE DEMARKA REED III

v.  Cause No: 3:21-cr-00120-MPB-MJD

THE City of Evansville, et al.,
Defendants,

## Plaintiff's Response to Defendant's Motion for Summary Judgement

Comes now the Plaintiff, Freddie Demarka Reed III, pro se, and Responds to Motion for Summary Judgement and Object's to the alleged facts stated in defendant's motion. For the following reasons Defendants motion should be denied.

1) On May 13, 2022 following a jury trial Plaintiff was convicted of Count 1: Resisting law enforcement in a vehical not Count 2: Resisting law enforcement by physical or forcible means like Defendant's wants to try and deceive this Honorable Court in believing half truths, in their motion. (See Exhibit A) Plaintiff Sentencing Order

2) Defendant's want this Honorable Court to believe that Plaintiff claims of excessive force are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)

①

3) In Heck v. Humphrey, the litigant must first achieve favorable termination of his conviction, which Plaintiff was found not Guilty of count: 2 Resisting law enforcement by physical or forcible means with a weapon causing bodily injury. Plaintiff is also awaiting a favorable ruling on his direct appeal to cure the rest of his convictions. (See Exhibit A) Sentencing order of Not Guilty verdict.

4) Plaintiff stated in his complaint that Task Force members placed him in handcuff and beat him. Before EPD Taylor arrived on scene ~~se~~ body cam video did not catch the assault that took place.

5) U.S. Deputy Michael Wesner should show that he committed perjury. (See Exhibit B) Wesner deposition pg. 12 of 17 Line 14-23, pg. 10-11 of 17 Line 14-23 Line 1-6 His deposition also confirms Plaintiff statement of being placed in handcuffs before E.P.D. Jeff body cam video could catch what all happened to me before he arrived on scene.

6) State Trooper Bean statement in his deposition has discrepancies because on pg. 9 of 13 Line 8 He states that: I ~~had~~ didn't really have much

②

to do with the actual apprehension or physical part of that. Deputy Bishop, Marshal Wesner, and Jeff Taylor's deposition's states otherwise. see Exhibit B Deposition

7) Defendant Bryan Bishop never charged or arrested Plaintiff with assaulting a K-9 police officer, so there is no proof whatsoever that Plaintiff was fighting with K-9 officer Kane or any proof that K-9 officer Kane was treated for any Injuries ~~that he~~ on 1-19-21.

8) ~~The~~ Defendant's have no justification for why they punched, stomped, kicked, beat, and allow K-9 office Kane to attack me so viciously that he ripped my pants from my body which left my private parts exposed to the public to humiliate and embarrass Plaintiff. If that isn't excessive force Sir I dont know what is.

9) The only resisting Plaintiff committed was fleeing law enforcement which doesn't cause for any of the task force Officers to use the use of force that was used

10) A guilty verdict does not bar Plaintiff from making an excessive force claim. see Hayes v. County of Sullivan, 853 F.Supp. 2d 400.

11) Plaintiff objects to Defendants Statement of Material Facts. Plaintiff only had 1 Felony warrant Level 6 possession of Heroin, Count 2: possession of controlled substance A-misdemeanor which Plaintiff posted bond for and a failure to appear warrant was issued because missed a court date. Plaintiff also had a failure to report to Parole warrant for missing a parole meeting with parole agent.

12) Defendant made fictitious claims of included federal charges for firearms do to the fact that those charges were dismissed in 2018 (see United States v. Reed, 319 F. Supp. 3d 1112, 2018 U.S. Dist. Lexis 94483 (S.D. Ind., June 4, 2018)

13) Plaintiff has never had past with the defendants being armed and a danger to the community.

14) Plaintiff feels that Defendant put his life in danger by chasing the car that Plaintiff was a passenger in at rates of over 100 miles an hour without any concern for pedestrians on Franklin Avenue in a residential area.

15) There are no witness that say that Plaintiff had a gun or even seen Plaintiff with a gun.

16) Defendant never found a gun still to this date.

17) Plaintiff objects to Bishop's affidavit that Plaintiff was fighting with K-9 Kane and that Bryan Bishop only struck Plaintiff once.

18) Defendant allowed K-9 Kane to completely disrobe Plaintiff from the waist down which is clearly excessive force (see Jeff Taylor of Evansville Police Departments Body Cam Video) Exhibit (.)

19) Defendants want this Honorable court to believe that Plaintiff was driving the fleeing Ford 500 without any proof whatsoever, Defendants wants this Honorable Court to believe that Plaintiff had a firearm with no proof whatsoever, Defendants want this Honorable Court believe that Plaintiff was fighting with an aggressive K-9 Kane without any proof whatsoever, and Defendant want this Honorable court to believe that one closed hand fist from Sheriff Bryan Bishop caused Plaintiff's busted nose, busted lips, face scarring, (3) Three broken teeth, and a upper broken jaw, and bruised upper and lower body injuries which where caused by these officers not an auto accident as they claim.

20) ~~Plai~~ Plaintiff stiff suffers from night terrors from being attacked and beaten by Officer Defendant in that alley on that cold January night of the 19th of 2021.

21) Jeff Taylor got call at 0:27 on Body Cam Video Exhibit C. He got to scene of Plaintiff and Task force officers at 1:05. There was 38 second that it took for Jeff Taylor to arrive at the scene which was more then enough time for task force Officer to place Plaintiff in handcuff, beat me then remove the cuffs before Officer Jeff Taylor arrived on scene with his body Cam video. At 1:11 on Body Cam Video you can see Trooper Bean removing something from plaintiff as I lay on ground with hands behind my back.

22) No drugs were found anywhere near Plaintiff shoes or property. Drugs found over 10ft away nowhere near Plaintiff. Defendant violated Plaintiffs 14th amendment right and 5th amendment right to due process by collecting alleged evidence putting it in his pocket and not showing that he collected the evidence on any chain of custody whatsoever like protocal states for handling evidence. (see Exhibit D chain of custody) For evidence of Failure to train and Failure to Supervise.

23) Defendant start looking at Plaintiffs K-9 bites from Bryan Bishop K-9 Kane on Both of Plaintiffs legs at 7:15 on Jeff Taylor Body Cam video at 7:15. (see Body Cam Video of Jeff Taylor)

24) Plaintiff objects to Kurt Altoff use of force investigaton and the fact that Kurt Altoff's a known liar see United State v. Freddie Demarka Reed III, were the Honorable Judge Richard Young found Sgt. Kurt Altoff to be untruthful when he testified at suppression hearing and trial.

25) Plaintiff was left in the freezing cold half naked for over 15 minutes with dog bites and face wounds. EMT's were never called out to escort Plaintiff to hospital and help treat Plaintiff wounds which is deliberate indiffrence, and cruel and unusual punishment, pain & suffering, humilliation, They wanted and made wait in the freezing cold on a paddie wagon instead of an ambulance making me suffer in pain.

26) The Defendants destroyed exclupatory evidence which was Plaintiffs sweat suit and shoes which Defendant deposition clearly stated that Plaintiff had on pants which Bryan Bishop let his K-9 Kane have as some sort of reward after letting K-9 ripped and tore them from my body which was very, very excessive force by uses of K-9 Kane.

27) Once Plaintiff was in ER Sheriff that was on guard didn't collect Plaintiff sweat shirt as evidence which shows that defendants destoryed any evidence that Plaintiff could have used as evidence in this matter.

28) Defendants stories contradict each other about who placed Defendant in handcuff when Officer Jeff Taylor's



Body cam video clearly shows him as the officer that placed Plaintiff in handcuffs which further shows that these Defendants are trying to cover their behinds when the body cam video of Jeff Taylor show evidence of another story.

29) There is more then enough evidence and Facts to support Plaintiff claims that excessive force was used against Plaintiff in that alley on January 19, 2021

30) Plaintiff wears the wounds of mental and physical injuries from the abusive excessive use of force that used on an unarmed black man that only resisted by fleeing on foot from officers

The Facts Plaintiff has stated above is more then enough to deny Defendant's Motion For Summary Judgement and proceed to trial in the above cause number. These Defendant need to be held accountable for their action of excessive force which clearly violated Plaintiff 4th, 8th, and 14th Amendment of the United States Constitution.

Wherefore Plaintiff Prays that this Honorable Court Denies Defendants Summary Judgement Motion and allow Plaintiff his day in trial to present his claims to a Jury please.

Respectfully submitted,
Freddie Demacka Reed III
#972971 F-W-21
Indiana State Prison
One Park Row
Michigan City, In. 46360


## Certificate Of Service

   I certify that a copy of the foregoing has been filed with the Court through the Court's electronic filing system, and served upon the following persons electronically through the Court's electronic system on May 1, 2023.

Keith W. Vonderahe
Matthew Stephen Koressel
Ziemer, Stayman, Weitzel and Shoulders, LLP
20 N.W. First Street
P.O. Box 916
Evansville, In. 47706

Gustavo A. Jimenez
Erica Lee Sawyer
Thomas Pratt
Office of Indiana Attorney General
Indiana Government Center South, 5th floor
302 W. Washington Street
Indianapolis, Indiana 46204

David L. Jones
Craig R. Emig
20 N.W. Third Street, Suite 400
P.O. Box 1065
Evansville, Indiana 47706

                    Respectfully submitted
                    Freddie D. Reed III #972971
                    Indiana State Prison
                    One Park Row
                    Michigan City, In. 46360